FILED
United States Court of Appeals
Tenth Circuit

May 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO BANUELOS-ALFARO,

Defendant - Appellant.

No. 08-2137

(D. New Mexico)

(D.C. No. 1:07-CR-02146-JCH-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HARTZ**, Circuit Judges.

---

Mario Banuelos-Alfaro, a citizen of Mexico, pleaded guilty to illegal

reentry into the United States after deportation. *See* 8 U.S.C. § 1326. His sole

argument on appeal is that his sentence—which he concedes was within a

properly calculated United States Sentencing Guidelines range—was

substantively unreasonable because his placement in criminal-history category III

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

overstated the severity of his past criminal record. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

On August 18, 2007, Mr. Banuelos-Alfaro was found entering the United States after having been previously deported in 1999. His base offense level under the Sentencing Guidelines was 8. *See* USSG § 2L1.2(a). The district court added 16 levels because of his conviction in 1994 for a felony drug-trafficking offense for which the sentence imposed exceeded 13 months. *See id.* § 2L1.2(b)(1)(A)(i). Mr. Banuelos-Alfaro received a three-level downward adjustment for acceptance of responsibility, *see id.* § 3E1.1, resulting in a total offense level of 21.

Mr. Banuelos-Alfaro received three criminal-history points for each of two prior offenses. The first was a 1994 conviction for possession of cocaine with intent to deliver, resulting in a sentence of 21 months' imprisonment. *See id.* § 4A1.1(a). The second was a 1996 conviction for illegal reentry after deportation (he had been deported in 1995), for which he was sentenced to 41 months' imprisonment. *See id.* In 1999 he was again deported to Mexico, where he presumably remained until the 2007 illegal-reentry offense before us.

With a total of six criminal-history points, Mr. Banuelos-Alfaro was placed in criminal-history category III. *See id.* ch. 5, pt. A. His guidelines sentencing range was 46 to 57 months. *See id.* The United States District Court for the

District of New Mexico sentenced him to 46 months' imprisonment, the bottom of the guidelines range.

## II. DISCUSSION

Mr. Banuelos-Alfaro does not challenge the district court's guidelines calculation but only the substantive reasonableness of his sentence. "Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal quotation marks omitted). In imposing sentence, a district court has "broad discretion . . . to consider § 3553(a) factors," *United States v. Gambino-Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008), which it abuses only if "it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable," *Friedman*, 554 F.3d at 1307 (internal quotation marks omitted). When a sentence is within the guidelines range, as this one is, we afford it a presumption of reasonableness. *See Gambino-Zavala*, 539 F.3d at 1232.

Mr. Banuelos-Alfaro's substantive-unreasonableness challenge focuses on his placement in criminal-history category III, which he maintains "significantly over-represents the seriousness of his criminal history, or the likelihood that he will commit future crimes." Aplt. Br. at 5. In particular, he argues that (1) "the typical Defendant with a Criminal History Category of III is likely to have more recent criminal convictions, and is also likely to have a greater criminal history,

-3-

including misdemeanor or felony convictions for violent offenses," *id.* at 11; (2) his 1994 and 1996 convictions are relatively old and approaching expiration as countable offenses, *see* USSG § 4A1.2(e) (generally setting countability limit of 15 years since release from imprisonment); (3) he was only 20 and 22 years old at the time of his convictions; and (4) he has not committed any criminal offenses in the United States in the last 11 years. As a result, he argues, his "criminal history is more like that of a defendant with a Criminal History Category of II." Aplt. Br. at 12.

These contentions do not rebut the presumption of reasonableness that attaches to Mr. Banuelos-Alfaro's within-guidelines sentence. He provides no empirical data to support his claim that he is atypical for a category-III defendant. His 11 years without conviction for a crime in this country does not establish a law-abiding life, because he was either in prison or outside this country during that time. And "[t]he fact that Defendant ultimately returned to crime . . . speaks to the likelihood of future recidivism." *United States v. Franklin-El*, 554 F.3d 903, 913 (10th Cir. 2009). Moreover, we note that Mr. Banuelos-Alfaro had two more criminal-history points than necessary to be within category III.

## III. CONCLUSION

We AFFIRM Mr. Banuelos-Alfaro's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge